```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHNNY CALDWELL,

                    Plaintiff,
                                          MEMORANDUM & ORDER
         -against-                        14-CV-5383(JS)(ARL)

HOLLY MYER, ESQ., JOHN DOE, ESQ.,
CHRISTOPHER C. BROCATO, ESQ.,
WILLIAM SAMMIS, ESQ., and
ROBERT DAPELO, ESQ.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Johnny Caldwell, pro se
                    514 E. Sultana Drive
                    Fitzgerald, GA 31750

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On September 10, 2014, then-incarcerated pro se plaintiff Johnny Caldwell ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against five attorneys, Holly Myer, Esq. ("Myer"), John Doe, Esq. ("Doe"), Christopher C. Brocato, Esq. ("Brocato"), William Sammis, Esq. ("Sammis"), and Robert Dapelo, Esq. ("Dapelo" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, complains that Defendants, who are all alleged to be attorneys related to Plaintiff's underlying state court criminal case, deprived him of his constitutional right to due process of law. (Compl. at 3.) The Complaint is bereft of any factual allegations and is wholly comprised of conclusory assertions. The Statement of Facts, in its entirety, reads as follows:

> On and about April 10th 2013, In the Criminal District Court during Criminal Procedures the Plaintiff did suffer violations of his guaranteed Constitutional Rights at the hands of several Attorney's who worked for different agencies who purported as agents of the Court and Court officers committed nonfeasance act towards the Plaintiff and denied the Plaintiff access to the Courts which clearly violated his due process of the law to the present date under the 14th amendment, and by these actions did cause the Plaintiff duress, hardship, mental anguish and Emotional Distress.[2]

(Compl. at 3.) Based on the foregoing, Plaintiff alleges three

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

causes of action. The First Cause of Action, in its entirety, alleges that:

> The plaintiff demands and seeks monetary damage relief from the defendants, Holly Myer, esq., John Doe, esq., Christopher C. Brocato esq., William Sammis esq. and Robert Dapelo Esq. for violations of his guaranteed Civil Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment and the right as a pretrial detainee. The Plaintiff suffered duress, hardship and distress. The Plaintiff seeks one million dollars.

(Compl. at 4.) The Second Cause of Action, in its entirety, alleges that:

> The plaintiff demands compensatory damage relief from the defendants, Holly Myer esq., John Doe, esq., Christopher C. Brocato esq., William Sammis esq. and Robert Dapelo esq., for the violation of his first amendment to redress and grieve all of his Court proceeding while his attorney who was court appointed did in fact creat and committed a non-Feasance act against the plaintiff. The plaintiff demands one million Dollars.

(Compl. at 5.) Finally, as a Third Cause of Action, Plaintiff alleges that:

> The plaintiff demands and seeks puntive damage relief from each of the defendants, Holly Myer esq., John Doe, esq., Christopher C. Brocato esq., William Sammis esq. and Robert Dapelo esq. for the violations of his guaranteed Civil Constitutional Rights that are protected by the Fourteenth Amendment due process of the Law which was clearly violated by the defendants Holly Myer esq., John Doe, esq., Christopher C. Brocato esq. William Sammis esq. and Robert Dapelo esq. while purporting to act under Color of State Law to do their duties as officers of the Court but committed

3

>     Malfeasance act against the plaintiff in a
>     Court of Law. The plaintiff demands Two
>     million dollars.

(Compl. at 6-7.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,

1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution

5

of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

  A.  State Action

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (citation and internal quotation marks omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of- state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as the Defendants, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity

6

with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, although Plaintiff alleges that the Defendants acted "under color of state law", he provides no factual support for such allegation. (Compl. at 7.) Nor can he given that Defendants are private attorneys who do not act under color of state law. Myer and the "John Doe" attorney are alleged to work for the Legal Aid Society. (Compl. ¶ I.B.) Brocato and Sammis are private criminal defense attorneys and Dapelo was Plaintiff's court assigned 18B defense attorney. It is well-established that attorneys, whether with the Legal Aid Society, court-appointed or privately retained, are generally not state actors for purposes of Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); see also Rodriguez v.

7

Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citations omitted). Nor does Plaintiff allege that any Defendant acted jointly with a state actor or conspired with a state actor to deprive Plaintiff of some constitutional right. Thus, in the absence of any state action, Plaintiff's Section 1983 claims against Defendants are not plausible as a matter of law. Ciambriello, 292 F.3d at 325. Accordingly, Plaintiff's Section 1983 claims against Defendants are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

B. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:    January   30  , 2015
          Central Islip, New York